UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LATHAN WORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:26-cv-00002 |
| | ) |
| SUMNER COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Lathan Word filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). Now before the Court are Word's Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and Motion for Preliminary Injunction (Doc. No. 4).

### I. FILING FEE

Based on the Court's review of the IFP Application, it appears that Word lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application is **GRANTED**. (Doc. No. 2).

### II. MOTION FOR PRELIMINARY INJUNCTION

**A. Background**

In the complaint, Word alleges that on January 4, 2025, Officer Stanfill initiated a traffic stop while Word was driving in Sumner County, Tennessee. (Doc. No. 1 at 2). Word alleges that he had not committed a traffic violation and that Officer Stanfill had no reasonable suspicion to initiate the stop. (Id.) During the stop, Word "asserted his constitutional rights." (Id.) Officer Stanfill and Officer Brawler then "violently seized [Word], slammed him onto a patrol vehicle,

1

and handcuffed him." (Id.) The officers conducted a warrantless search of Word's vehicle but found no contraband. (Id. at 3). They then searched Word's person, forcing him to "lower his pants in freezing temperatures in public view." (Id.) Ultimately, Officer Stanfill issued unspecified citations, which Word describes as "**void citations** based on a **non-existent statute**." (Id.) (emphasis in original). In total, Word was detained for nearly two hours. (Id.)

Word further alleges that on January 9, 2025, Officer Stanfill and several deputies entered the management office of his apartment building and falsely asserted that Word was in possession of a stolen vehicle. (Id.) According to Word, the officers then "illegally obtained [Word]'s apartment number, entered the residential grounds, and banged aggressively on [Word]'s door, alarming neighbors." (Id.) Also on January 9, Officer Stanfill also had Word's vehicle towed. (Id. at 3−4). Word reports that he was forced to vacate his apartment due to "repeated police harassment, false accusations, and fear of further retaliation." (Id. at 4).

Word further alleges that on January 13, 2025, Officer Stanfill "obtained an arrest warrant based on a knowingly false affidavit alleging vehicle theft." (Id. at 3). To obtain the warrant, Officer Stanfill "**retroactively manipulated NCIC** [National Crime Information Center] **records**." (Id.) (emphasis in original). The charge was ultimately dismissed, and the criminal record expunged. (Id. at 6, 8).

Word complained about the officers' January 2025 conduct, and the Sumner County Sheriff's Department Office of Professional of Accountability conducted an internal investigation. (Id. at 5). On April 4, 2025, an internal affairs investigator issued a report finding the complaint unfounded. (Id. at 5−6).

Word reiterates these allegations in a declaration signed under penalty of perjury. (Doc. No. 6).

2

B. Discussion

Ordinarily, Courts look to four factors in assessing whether to grant a preliminary injunction: "(1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest." D.T. v. Sumner Cnty. Schs., 942 F.3d 324, 326 (6th Cir. 2019). However, "a plaintiff *must* present the existence of an irreparable injury to get a preliminary injunction. Thus, a district court is well within its province when it denies a preliminary injunction based solely on the lack of an irreparable injury." (Id.) (citation and quotation marks omitted; emphasis in original). "To merit a preliminary injunction, an injury must be both certain and immediate, not speculative or theoretical." (Id.)

Here, Word asserts in his Motion for Preliminary Injunction that he faces "ongoing retaliation, intimidation, fabrication of evidence, abuse of law enforcement authority, and irreparable harm." (Doc. No. 4 at 1). However, Word does not allege—let alone point to any evidence—of ongoing misconduct by any Defendant. At most, he presents speculative concerns about future unlawful activity, which are insufficient to warrant a preliminary injunction. D.T., 942 F.3d at 326. Accordingly, the Motion for Preliminary Injunction is **DENIED WITHOUT PREJUDICE**.[1] (Doc. No. 4).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Word's Motion for Preliminary Injunction includes a request for an order directing the preservation of evidence. (See Doc. No. 4 at 4). However, this request is more properly presented in Word's separate Motion to Preserve Evidence (Doc. No. 3), which the Court will resolve in due course.