# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **LATHAN WORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **No. 3:26-cv-00002** |
| | ) |
| **SUMNER COUNTY SHERIFF'S DEPT.,** | ) |
| <u>et al.</u>, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Lathan Word filed a pro se complaint alleging violations of his civil rights stemming from Word's arrest on January 4, 2025. (Doc. No. 1). Now before the Court are Word's second Motion for Preliminary Injunction (Doc. No. 25), Motion for Emergency Protective Order (Doc. No. 26), and Motion for Leave to Amend Prior Motion and Complaint (Doc. No. 33). As explained below, Word's motions will be denied. Additionally, the parties will be ordered to notify the Court regarding the status of Word's state criminal prosecution.

## I.     MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

Word's second Motion for Preliminary Injunction (Doc. No. 25), and Motion for Emergency Protective Order (Doc. No. 26) both seek preliminary injunctive relief on the same basis.

Ordinarily, Courts look to four factors in assessing whether to grant a preliminary injunction: "(1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest." <u>D.T. v. Sumner Cnty. Schs.</u>, 942 F.3d 324, 326 (6th Cir. 2019). However, "a plaintiff *must* present the existence of an irreparable injury to get a preliminary injunction. Thus,

1

a district court is well within its province when it denies a preliminary injunction based solely on the lack of an irreparable injury." (Id.) (citation and quotation marks omitted; emphasis in original). "To merit a preliminary injunction, an injury must be both certain and immediate, not speculative or theoretical." (Id.)

Here, Word asserts that his recent incarceration for contempt of court in Sumner County demonstrates ongoing retaliation. (Doc. No. 25 at 2–3; Doc. No. 26 at 2). However, Word does not allege, let alone present evidence, that any Defendant was responsible for the finding of contempt of court. On the contrary, Word asserts that non-Defendant Judge Dee Gay made the finding. (Doc. No. 25 at 2). Because Word has not alleged ongoing irreparable injury based on unlawful conduct by the named Defendants, his Motion for Preliminary Injunction (Doc. No. 25) and Motion for Emergency Protective Order (Doc. No. 26) will be denied.

## II. MOTION FOR LEAVE TO AMEND

"A motion to amend a pleading must . . . include as an appended exhibit the signed proposed amended pleading." M.D. Tenn. L.R. 15.01(a)(1). "Amended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. L.R. 15.01(b).

Here, Word's Motion for Leave to Amend does not include a proposed amended complaint. Instead, Word attached a "Table of Authorities and Constitutional Violations in Support of Plaintiff's Claims and Pending Motions." (Doc. No. 33-1). Accordingly, the Motion for Leave to Amend (Doc. No. 33) will be denied without prejudice. If Word seeks to file an amended complaint, he must comply with the Court's local rules.

2

### III.      STATE CRIMINAL PROCEEDINGS

In his Complaint, Word alleges that all criminal charges stemming from his arrest on January 4, 2025, had been dismissed. (See Doc. No. 1 at 6) (alleging that "all criminal charges against Plaintiff" had been dismissed and that "Plaintiff obtained a **Certificate of Dismissal / Deletion**, confirming that the alleged offenses lacked legal and factual basis").

However, in his Motion for Preliminary Injunction (Doc. No. 25) and related filings, Plaintiff refers to ongoing state criminal proceedings. Additionally Court notes that the Sumner County online courts record system indicates that Word faces pending charges for Resisting a Stop, Arrest, or Search and other offenses, with the violation date listed as January 4, 2025. State v. Word, No. 83CC1-2025-CR-409 (Sumner Cnty. Cir. Ct.).[1]

If Word faces ongoing state criminal prosecution related to the events of January 4, 2025, then some or all of his claims may be barred by Heck v. Humphrey, 512 U.S. 477, 486−87 (1994). Additionally, if Word made deliberate misstatements in his Complaint or other filings regarding the status of his state criminal proceedings, he may be subject to sanctions. See, e.g., Fed. R. Civ. P. 11(b)(3), (c).

Accordingly, the parties will be directed to notify the Court regarding the current status of Word's state criminal proceedings related to his arrest on January 4, 2025, as well as the status of those proceedings on January 2, 2026, when Word filed his Complaint in this action. (See Doc. No. 1 at 9).

---

[1] Available by search at https://sumner.tncrtinfo.com/cmCaseList.aspx (Last visited Mar. 25, 2026).

## IV. CONCLUSION

Word's Motion for Preliminary Injunction (Doc. No. 25), Motion for Emergency Protective Order (Doc. No. 26), and Motion for Leave to Amend (Doc. No. 33) are **DENIED**.

The parties **SHALL** notify the Court on or before **May 1, 2026**, regarding the current status of Word's state criminal proceedings related to his arrest on January 4, 2025, as well as the status of those proceedings on January 2, 2026.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4