**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **LATHAN WORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 3:26-cv-00002** |
| | ) |
| **SUMNER COUNTY SHERIFF'S DEPT.,** | ) |
| <u>**et al.**</u>**,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Lathan Word filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). Word has since filed a Motion for Leave to File Amended Complaint (Doc. No. 45) and a Motion for Leave to File Supplemental Complaint (Doc. No. 50). As explained below, this action will be stayed pending resolution of Word's ongoing state criminal proceedings.

## I.      BACKGROUND AND PROCEDURAL HISTORY

In his Complaint, Word asserted claims stemming from his arrests on January 4 and January 13, 2025, as well as further interaction with police on January 9, 2025. He alleged the following regarding the status of his criminal charges:

- All criminal charges arising from Defendants' conduct were **dismissed in their entirety**.

- Following dismissal, Plaintiff obtained a **Certificate of Dismissal / Deletion**, confirming that the alleged offenses lacked legal and factual basis.

- This Certificate constitutes:

    - Proof of favorable termination for purposes of malicious prosecution.

    - Evidence that the charging instrument was void ab initio.

    - Objective confirmation that Defendants' allegations were false.

1

(Id. at 6) (emphasis in original) (bullet formatting altered). Word also attached an Order of Expungement to his Complaint. (Id. at 8).

Word's later filings indicated that he was subject to ongoing state criminal prosecution. (See, e.g., Doc. No. 25 at 2) ("On March 2, 2026, Plaintiff appeared in the Criminal Court for Sumner County for a hearing concerning a Rule 24 Statement of the Evidence related to the December 17, 2025 proceedings."). However, in the same filing, Word made the following assertions under penalty of perjury:

> 3. The claims in this case arise from unlawful actions taken by deputies of the Sumner County Sheriff's Office, including an unlawful traffic stop, false arrest, excessive force, property seizure, and retaliation.
>
> 4. As a result of these events, my vehicle was seized and towed and I lost access to personal property that was inside the vehicle.
>
> 5. The criminal charges arising from these events were ultimately dismissed.

(Id. at 8−9).

The Court took judicial notice of the online docket in State v. Word, No. 83CC1-2025-CR-409 (Sumner Cnty. Cir. Ct.), which "indicate[d] that Word faces pending charges for Resisting a Stop, Arrest, or Search and other offenses, with the violation date listed as January 4, 2025." (Doc. No. 44 at 3). In an effort to resolve the potential inconsistency, the Court directed the parties to notify the Court regarding the status of Word's state criminal proceedings related to his arrest on January 4, 2025. (Id.).

Word did not directly respond to the Court's Order. Instead, he filed several motions, including a Motion for Leave to File Amended Complaint. (Doc. No. 45). In the Proposed Amended Complaint, he alleged, "All criminal charges arising from the January 9−13, 2025 events were dismissed." (Doc. No. 45-1 at 7). As for the "January 4, 2025 citation," he acknowledged that

"the legal issues remain unresolved." (Id. at 5). Defendants' filings confirm that "there is an active criminal matter pending from the events of January 4, 2025." (Doc. No. 49 at 4).

## II.      MOTION FOR LEAVE TO AMEND AND MOTION TO SUPPLEMENT

Word's Motion for Leave to File Amended Complaint (Doc. No. 45) will be granted. The Proposed Amended Complaint (Doc. No. 45-1) is now the operative Amended Complaint in this action.

Word's Motion for Leave to File Supplemental Complaint (Doc. No. 50) will be denied. The Proposed Supplemental Complaint purports to "incorporate[] all prior allegations contained within the operative Amended Complaint as though fully set forth herein." (Doc. No. 51-1 at 2). In doing so, the Proposed Supplemental Complaint contradicts this Court's Local Rules, which require that "[a]mended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. L.R. 15.01(b); (see Doc. No. 44) (citing Local Rule 15.01(b) and explaining, "If Word seeks to file an amended complaint, he must comply with the Court's local rules").

## III.      THE AMENDED COMPLAINT

In the Amended Complaint, Word alleges[1] that on January 4, 2025, Defendant Officer Stanfill conducted a traffic stop of Word despite no reasonable suspicion of an offense or violation. (Doc. No. 45-1 at 9). Word was "forcibly removed from his vehicle, slammed onto a patrol vehicle, and handcuffed despite posing no threat . . . detained for approximately two hours . . . [and] subjected to a degrading and invasive public search requiring him to lower his clothing in freezing temperatures." (Id.).

---

[1] For purposes of this Order, the Court presents Word's allegations as fact. The Court makes no findings at this time regarding the truth of the allegations.

On January 9, 2025, "Defendant officers entered Plaintiff's apartment complex without a warrant . . . falsely represented to apartment management that Plaintiff possessed a stolen vehicle," and had his vehicle towed. (Id.).

On January 13, 2025, Word was arrested "pursuant to a warrant obtained by [Officer] Stanfill. The warrant was based on false statements and omissions of material fact. . . . Defendant manipulated or misrepresented information to establish probable cause." (Id. at 10).

On March 2, 2026, during state criminal proceedings related to the events underlying his arrest on January 4, 2025, Word was held in contempt of court. (Id. at 11). He was incarcerated for 10 days in the Sumner County Jail, which is operated by the Sumner County Sheriff's Office. (Id.).

Word asserts the following claims:

> Count I — §1983 Unlawful Stop and Seizure
> Count II — §1983 Excessive Force
> Count III — §1983 Unreasonable Search
> Count IV — §1983 False Arrest
> Count V — §1983 Malicious Prosecution
> Count VI — §1983 First Amendment Retaliation
> Count VII — §1983 Municipal Liability (Monell)
> Count VIII — §1985 Civil Rights Conspiracy
> Count IX — State Law False Arrest
> Count X — Conversion / Property Deprivation
> Count XI — Housing Displacement
> Count XII — Abuse of Process

(Doc. No. 45-1 at 8).

## IV. STAYING FEDERAL PROCEEDINGS

"If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393−94 (2007).

4

Here, Word brings multiple claims, including false arrest, based on his arrest on January 4, 2025. (Doc. No. 45-1 at 8). Rulings related to these claims may be made (or may already have been made) in Word's state criminal proceedings.[2] Accordingly, this action will be stayed pending resolution of Word's state criminal proceedings, including any appeals.

## V.    CONCLUSION

Word's Motion for Leave to File Amended Complaint (Doc. No. 45) is **GRANTED**. The Proposed Amended Complaint (Doc. No. 45-1) is now the operative Amended Complaint in this action. Word's Motion for Leave to File Supplemental Complaint (Doc. No. 50) is **DENIED**.

This action is **STAYED** until resolution of Plaintiff's state criminal prosecution, including any appeals. The Clerk **SHALL** administratively close this case. Plaintiff shall notify the Court **within 45 days after** the resolution of his state-court prosecution, including any direct appeal, at which point the case may be reopened if appropriate.

Nothing in this Order will preclude Defendants from seeking sanctions based on Word's assertions that all criminal charges related to the allegations in his complaint had been dismissed. (*See* Doc. No. 44 at 3) (citing Fed. R. Civ. P. 11(b)(3), (c)). However, the Court will not impose any sanction at this time.

All pending motions in this action (Doc. Nos. 3, 5, 12, 19, 21, 30, 32, 38, 46, 47, 52, and 53) are **DENIED** without prejudice to refiling if this case is reopened.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[2] If Word wishes to abandon all claims that may implicate rulings in his state criminal proceedings, he may file a motion to lift the stay along with a motion for leave to amend his complaint and a proposed amended complaint that abandons all such claims. See Evans v. Poskon, 603 F.3d 362, 364 (7th Cir. 2010) (observing that "a plaintiff is master of his claim" and may, in appropriate circumstances, modify his claims to avoid a stay under Wallace).